# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EUGENE KIRK,

        Petitioner,                Case Number: 2:08-CV-12326

v.                                             HONORABLE NANCY G. EDMUNDS

GERALD HOFBAUER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Eugene Kirk has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, pursuant to a bank robbery conviction. Respondent filed a Motion for Summary and Dismissal of Petition for Writ of Habeas Corpus, contending that the petition was not timely filed. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

**I.**

Petitioner pleaded guilty in Wayne County Circuit Court to bank robbery. On July 27, 2004, he was sentenced to 5 to 15 years' imprisonment.

On January 20, 2005, Petitioner filed a motion for resentencing and an evidentiary hearing regarding an ineffective assistance of counsel claim. On August 19, 2005, the trial court granted Petitioner's motion for resentencing and denied his motion for a new trial. *People v. Kirk*, No. 04-005199-01-FC (Wayne County Circuit Court Aug. 19, 2005). On October 20,

2005, the trial court granted the State's motion for reconsideration. *People v. Kirk*, No. 04-005199-01-FC (Wayne County Circuit Court Oct. 20, 2005).

On November 15, 2005, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The application was dismissed because it was not timely filed. *People v. Kirk*, No. 266537 (Mich. Ct. App. Jan. 18, 2006). Petitioner filed a motion for reconsideration, which was denied. *People v. Kirk*, No. 266537 (Mich. Ct. App. May 11, 2006). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 10/1/08.

On November 2, 2007, Petitioner filed a complaint for habeas corpus in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the complaint for lack of jurisdiction, *Kirk v. Dept. of Corrections*, No. 281628 (Mich. Ct. App. Dec. 27, 2007), and denied Petitioner's Motion for Reconsideration. *Id.* (Feb. 6, 2008).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court issued an order requiring Petitioner to pay an initial partial filing fee. *Kirk v. Dept. of Corrections*, No. 135865 (Mich. Feb. 20, 2008). On April 1, 2008, the Michigan Supreme Court issued an order dismissing the case because Petitioner failed to pay the initial partial filing fee. *Id.* (Apr. 1, 2008).

Petitioner filed the pending petition for a writ of habeas corpus on May 20, 2008. Respondent has filed a Motion for Summary Judgment.

**II.**

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214

("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which issued an order denying the appeal on January 18, 2006, and an order denying the motion for reconsideration on May 11, 2006. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, July 6, 2006. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations

period commenced the following day, July 7, 2006, and continued to run uninterrupted until it expired on July 7, 2007.

Petitioner sought further state review of his conviction by filing a complaint for habeas corpus relief.  However, Petitioner's habeas complaint was not filed until November 2, 2007, almost four months after the limitations period already had expired.  Moreover, that complaint would not serve to toll the limitations period because it was dismissed for lack of jurisdiction. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application  is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *accord Smith v. Hofbauer*, 2009 WL 1788347, \*2 (W.D. Mich. June 18, 2009) (holding that a state court complaint for superintending control did not toll the limitations period because the dismissal for lack of jurisdiction amounted to a determination that the complaint was not properly filed). Accordingly, the petition is untimely.

Petitioner argues that the limitations period did not begin to run until October 15, 2007, when he discovered evidence of fraud on the court.  Petitioner claims that the prosecutor and sentencing judge perpetrated a fraud on the court because they failed to release parts of the court file to him in an attempt to conceal that the State never filed a motion for reconsideration of the court's order granting Petitioner's motion for resentencing.  Petitioner argues that the motion for reconsideration was fabricated by the trial court judge and prosecutor.  Petitioner states that he was made aware of this newly discovered evidence on October 15, 2007, when a family friend executed an affidavit detailing her futile attempts to obtain a copy of the order regarding the State's motion for reconsideration.

4

The one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Sorce v. Artuz*, 73 F. Supp.2d 292, 294-95 (E.D. N.Y.1999) (internal quotation omitted). A habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). "An application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence." *Id.* quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Petitioner has not shown that the facts underlying his claim were not known to him or could not have been made known to him through the exercise of due diligence prior to October 15, 2007. Additionally, Petitioner's conclusory claim of fraud is insufficient to warrant equitable tolling of the limitations period. Accordingly, the Court concludes that the petition was not timely filed.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will

have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager